UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **CHERRELLE ROBERTS,** )<br>        Plaintiff, )<br>  )<br>    v. )<br>  )<br>**MCAD,** )<br>        Defendant. )<br>  ) | Civil Action No.<br>24-12488-NMG |

**ORDER**

**GORTON, J.**

Pro se litigant Cherrelle Roberts has filed a complaint (Docket # 1) against the Massachusetts Commission Against Discrimination ("MCAD") alleging that the agency failed to adequately assist her in filing an administrative complaint. She also filed a motion for leave to proceed in forma pauperis (Docket # 2) and a "Filing Motion to Access Civil Suit," which appears to be a request to file electronically in the four cases she has filing in this Court (Docket # 3).

For the reasons stated below, the Court will ALLOW the in forma pauperis motion, DISMISS this action without prejudice, and direct the Clerk to terminate the motion for electronic filing.

**I.   Motion for Leave to Proceed in Forma Pauperis**

Upon review of the motion for leave to proceed in forma pauperis, the Court ALLOWS the same.

**II.   Review of the Complaint**

   **A.   Court's Authority to Review the Complaint**

When a plaintiff is allowed to proceed in forma pauperis, the Court conducts an initial review of the complaint and may dismiss any claim that is malicious or frivolous, fails to state a claim upon which relief can granted, or seeks monetary damages from a party who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  In conducting this review, the Court construes Roberts's complaint liberally because she is representing herself.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

   **B.   Roberts's Allegations**

Roberts's statement of her claim consists of the following:

> Complaint form: MCAD never gave me the option to resubmit my complaint electronically, stating I had to mail it back because I didn't write a sentence. Eventually they gave me Docusign.
>
> While I lived in Melrose these complaints were filed (specifically against Dimock center).  Which stripped me of all addiction and mental supportive health services.  After I filed them I received e-mail confirmation but no one followed up until I reached out via e-mail recently.  I plan to defend myself.

Compl. at 2.  Roberts does not identify the relief she seeks from this Court.

Roberts attached to her complaint two documents she filed with the MCAD: (1) her administrative complaint in which she alleges that has been wrongfully banned from Dimock Community

2

Health Center; and (2) an April 12, 2024 letter to Roberts from the Massachusetts Department of Health in which the agency acknowledges receipt of a letter from Roberts concerning the Dimock Community Health Center and states it will review Roberts's concerns.  Id. at 2-3.

B. **Discussion**

Under the doctrine of Eleventh Amendment immunity, it is recognized that States (including their departments, agencies, and officials acting in their official capacities) have immunity from suit in a federal court unless the State has consented to be sued in federal court or Congress has overridden the State's immunity. See Virginia Off. for Prot. & Advocacy v. Stewart, 563 U.S. 247, 253 (2011).[1] ("A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State."). Here, Roberts has not identified, nor can the Court discern, a claim for which the Commonwealth has waived, or Congress has abrogated, the state's sovereign immunity.

Thus, Roberts has failed to state a claim upon which relief can be granted.  Because allowing Roberts to amend the complaint would be futile, the Court dismisses this action sua sponte.

---

[1] The sovereign immunity of a state is often referred to as "Eleventh Amendment immunity" because the Eleventh Amendment to the United States Constitution "confirm[ed] the structural understanding that States entered the Union with their sovereign immunity intact."  Va. Off. For Prot., 563. U.S. at 253.

3

**III. Conclusion**

For the foregoing reasons, the Court hereby orders:

1. The motion for leave to proceed in forma pauperis is ALLOWED.

2. This action is DISMISSED for failure to state a claim upon which relief can be granted.

3. The Clerk shall terminate the Filing Motion to Access Civil Suit as moot. To the extent plaintiff seeks permission to file electronically in another case she is prosecuting in this Court, she must file an appropriate motion in that action.

**So ordered.**

                                      /s/ Nathaniel M. Gorton
                                      Nathaniel M. Gorton
                                      United States District Judge

Dated: 2/14/2025